IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                          CASE NO. 5:15-CR-50030-TLB-1

MELQUIADES LOPEZ-DEL ANGEL                                                  DEFENDANT

### OPINION AND ORDER

Currently before the Court is Defendant Melquiades Lopez-Del Angel's *pro se* Motion for Compassionate Release (Doc. 31). The Court directed the Government to file a response, and the Government did so (Doc. 33). Mr. Lopez-Del Angel then filed a Reply (Doc. 47). Now that the Motion to Reduce Sentence is ripe and having reviewed all of these filings, the Court **DENIES** the Motion for the reasons explained below.

### I. BACKGROUND

Mr. Lopez-Del Angel pleaded guilty to Counts One and Three of the Indictment, which charged him, respectively, with illegal reentry by a removed alien following a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(1), and with possession of more than 500 grams of a mixture or substance containing methamphetamine. Mr. Lopez-Del Angel's total offense level was a 31 and his criminal history category was a III, which generated a Guideline range of 135 to 168 months, though Count One was subject to a statutory maximum of 120 months. *See* Doc. 24, pp. 80–81. Accordingly, the Court sentenced Mr. Lopez-Del Angel to 120 months on Count One and 135 months on Count Three and ordered that the sentences run concurrently. (Doc. 29).

Mr. Lopez-Del Angel is now 45 years old and has served approximately 72 months of his original sentence. He seeks compassionate release under 18 U.S.C. § 3582(c)(1)

1

due to his chronic obstructive pulmonary disease ("COPD"), diabetes, high blood pressure, high cholesterol, obesity, depression, and anxiety.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Although the Sentencing Commission has not updated or adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling

reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III.  DISCUSSION

### A.  Exhaustion of Remedies

The Court's ability to rule on Mr. Lopez-Del Angel's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Lopez-Del Angel presents proof that he requested compassionate release from his warden on November 5, 2020.  (Doc. 31, p. 5).  Since Mr. Lopez-Del Angel petitioned his warden for early release on November 5, 2020, and because more than 30 days have lapsed since then, the Court finds that Mr. Lopez-Del Angel has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

### B.  Section 3553(a) Factors

For the sake of argument, the Court will assume that Mr. Lopez-Del Angel has demonstrated extraordinary and compelling reasons for his release because his medical conditions place him at higher risk for complications if he were to contract COVID-19.  Regardless, he is not a suitable candidate for early release considering the Section 3553(a) factors.  The Court considers a number of such factors, including: "the nature and circumstances of the offense and the history and characteristics of the defendants;" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] . . . and to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D). All of these factors weigh against a sentence reduction.

According to the Presentence Report ("PSR"), (Doc. 24), Mr. Lopez-Del Angel was described as a "top-tier meth dealer in the [Northwest Arkansas area,]" (Doc. 24, ¶ 10), and he was held responsible for possessing 635.9 grams of actual methamphetamine. He was arrested as he was attempting to sell this methamphetamine. This Court finds this crime to be very serious in nature, especially considering the large quantity of methamphetamine at issue. Moreover, the Court notes that Mr. Lopez-Del Angel already had two convictions for drug-related crimes when he received his present sentence. Indeed, Mr. Lopez-Del Angel's conviction for illegal reentry was his second such conviction, further indicating a lack of respect for the law. Thus, the Court believes that Mr. Lopez-Del Angel is likely to recidivate, and the Court therefore intends for the current sentence to serve as a specific deterrent. Additionally, the Court is concerned that a reduction in Mr. Lopez-Del Angel's sentence would create a significant disparity with other defendants who have been sentenced for similar acts.

Moreover, the need to provide Mr. Lopez-Del Angel with educational or vocational training and medical care also weighs against his early release. Mr. Lopez-Del Angel has been in federal custody for more than 70 months and has not represented that he has completed any additional training. He asserts that he has taken some educational classes and wants to get his GED, but he has yet to do so. Because Mr. Lopez-Del Angel is 46 years old with only a 9th grade education, the Court finds that continuing his sentence

is the most effective option for him to accumulate the training and credentials that would allow him to successfully reintegrate back into society.

In short, after considering and weighing the Section 3553(a) factors, the Court finds that permitting Mr. Lopez-Del Angel to complete his 135-month sentence after only serving approximately 72 months is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, to afford adequate deterrence to both Mr. Lopez-Del Angel and those who would seek to engage in similar criminal activities, and to provide Mr. Lopez-Del Angel with needed educational or vocational training.  The Court therefore continues to believe his sentence is appropriate.

For these reasons, even if extraordinary and compelling medical reasons justify a reduction of Mr. Lopez-Del Angel's sentence, the Court finds that the Section 3553(a) factors do not.[1]

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Mr. Lopez-Del Angel's *pro se* Motion for Compassionate Release (Doc. 31) is **DENIED**.

**IT IS SO ORDERED** on this 29th day of April, 2021.

                                              TIMOTHY L. BROOKS
                                              UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Lopez-Del Angel asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Lopez-Del Angel serves his sentence.  *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).